```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
```
**LEXINGTON**

| | |
|---|---|
| DENTON DYER and ) | |
| MICHELLE DYER, ) | |
| ) | |
|     Plaintiffs, ) | Civil Action No. 5:05-139-JMH |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| JIM RHODUS and LOWE'S HOME ) | |
| CENTERS, ) | |
| ) | |
|     Defendants. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Plaintiffs' motion to remand [Record No. 2]. Defendants filed a response to Plaintiffs' motion [Record No. 6], and the deadline for a reply has expired. This matter is now ripe for review.

**FACTUAL BACKGROUND**

Plaintiff Denton Dyer ("Dyer") alleges that he injured himself when he fell from a ladder while moving replacement windows on the premises of Lowe's Home Centers, Inc. ("Lowe's") in Winchester, Kentucky. He was working as a salesman for MW Manufacturers, a window vendor, at that time. As a salesman, he was expected to move the unsold windows from the top shelf to the bottom shelf, using ladders provided by Defendant Lowe's. Dyer claims that as he began to descend the ladder, the ladder wobbled causing him to fall and hit the concrete floor. While Dyer seeks recovery for his

injuries allegedly resulting from the fall, Dyer's wife, Michelle Dyer, also claims loss of consortium damages as a result of her husband's injuries.

In the complaint, Plaintiffs claim that Lowe's was negligent in failing to maintain the ladders and that such failure "created a hazardous and unreasonabl[y] dangerous condition" for individuals entering the store to provide outside stock and delivery services. Plaintiffs also allege that Jim Rhodus ("Rhodus"), general manager of Lowe's, failed to ensure that the "ladders were in proper operation." Plaintiffs allege that both Lowe's and Rhodus knew or should have known that the ladder in question was unsafe.

## PROCEDURAL BACKGROUND

After Plaintiffs filed suit in Clark Circuit Court, Defendants filed a notice to remove this action to federal court on the basis of diversity jurisdiction. Plaintiffs and Defendants agree that the amount in controversy exceeds $75,000 but dispute whether the diversity of citizenship requirement has been satisfied. Plaintiffs are citizens of Kentucky, and Defendant Lowe's is a corporation that is not incorporated in Kentucky and has its principal place of business in North Carolina. However, like Plaintiffs, Defendant Rhodus is a citizen of Kentucky. Defendants argue that Plaintiffs joined Rhodus for the sole purpose of defeating diversity jurisdiction, and Defendants removed on that basis. Plaintiffs then filed the instant motion to remand.

**DISCUSSION**

Generally, a civil case brought in state court may be removed to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). A federal court has original diversity jurisdiction over suits between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). On a motion to remand, the defendant bears the burden of proving the diversity requirements. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Additionally, where the removing party alleges fraudulent joinder, as here, that party bears the burden of demonstrating fraudulent joinder. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

The doctrine of fraudulent joinder applies in the following three situations:

> (1) when there is no colorable basis for a claim against the non-diverse defendant, (2) when a plaintiff engages in outright fraud in pleading jurisdictional allegations, and (3) when the plaintiff joins a defendant who has no joint, several, or alternative liability with a diverse defendant (and there is no nexus between the claims against the diverse and non-diverse defendant).

*Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 548 (E.D. Ky. 2001)(citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904 (6th Cir. 1999)). The Sixth Circuit has stated:

3

> There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law. . . . One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). Accordingly, "'the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," or, in other words, "whether there [i]s any 'reasonable basis for predicting that [the plaintiff] could prevail.'" *Id.* (quoting *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)).

In support of their fraudulent joinder argument, Defendants contend that Rhodus was not personally responsible for the daily operations of each department within the store and had no duty to inspect the ladders. Defendants also allege that Rhodus was on vacation the week of Plaintiff's accident and would have not been in a position to identify and warn anyone of a dangerous condition. Defendant alleges that because Rhodus would not be personally liable, Rhodus was fraudulently joined and his citizenship should not be considered for purposes of determining diversity jurisdiction. On the other hand, Plaintiffs argue that Rhodus committed separate acts of negligence that render him individually liable for Plaintiffs' injuries and damages. Alternatively,

4

Defendants argue that Plaintiffs joined Rhodus in bad faith because Lowe's will ultimately be responsible for any negligence of Rhodus.

The Court finds that Defendants have failed to establish that there is no colorable basis for a claim against Rhodus. The Kentucky Supreme Court has stated that "a plaintiff may bring suit and recover from the principal under a vicarious liability theory without first filing suit and getting a judgment against the agent" or may "sue[] both the principal and the agent together." *Cohen v. Alliant Enters., Inc.*, 60 S.W.3d 536, 539 (Ky. 2001). Likewise, the Sixth Circuit, in applying Kentucky law, has stated:

> There is no authority under Kentucky law that an individual is not jointly and severally liable for torts committed within the scope of employment. In denying plaintiff's post-judgment motion, the district court noted that the corporation likely will pay any money judgment awarded in this case. While this may be true as a practical matter, the individual defendants may nonetheless be jointly liable. Under these circumstances, the district court lacked diversity of citizenship jurisdiction over plaintiff's complaint at the time of removal because plaintiff and the two individual defendants undisputedly are citizens of Kentucky.

*Terry v. Jackson*, 19 Fed. Appx. 377, 379, 2001 WL 1176336, at *2 (6th Cir. 2001). Furthermore, "an agent is personally liable for his own tortuous acts even though performed within the scope of his employment and under conditions which impose liability upon the principal also." *Carr v. Barnett*, 580 S.W.2d 237, 240 (Ky. Ct. App. 1979). In light of this authority, Defendants have failed to

5

show why Plaintiffs could not sue both Lowe's and Rhodus.

Defendants' argument that Rhodus owed no duty to Plaintiffs merits mentioning. In a conclusory fashion, Defendants argue: "As a retailer, Defendant Lowe's may owe certain duties to customers and vendors on its premises, perhaps even a duty to inspect and ensure the safety of its ladders. Defendant Rhodus is not the property owner nor the retailer. As an ordinary individual, Defendant Rhodus owes no such duties." (Defs.' Resp. to Mot. to Remand at 2.) First, the Court disagrees with Defendants' characterization of Rhodus as an "ordinary individual" — Rhodus was the general manager of the Lowe's store in question. Additionally, and perhaps more importantly, Defendants have failed to cite any authority whatsoever for their conclusory argument. Under those circummstances, this Court will not conclude that Defendants have established *their burden as the removing party alleging fraudulent joinder* of showing that Plaintiffs have failed to state a colorable basis for a claim against Rhodus.[1]

Defendant's alternative argument — that Plaintiffs acted in bad faith in joining Rhodus — fails for the same reason. Defendants appropriately recognize that joinder is considered fraudulent when there is "no purpose to prosecute the action

---

[1] The Court likewise rejects Defendants' argument that Rhodus may not be held liable because he was on vacation at the time of the accident. Defendants have failed to establish that Rhodus may not be held liable for actions he did or did not take with respect to the ladder at issue prior to leaving for vacation.

6

against the resident in good faith." *Rose v. Giamatti*, 721 F. Supp. 906, 914 (S.D. Ohio 1989)(quoting *Brady v. Indemnity Ins. Co. of North America*, 68 F.2d 302 (6th Cir. 1933)).  However, in light of the authority that allows Plaintiffs to sue both Lowe's and Rhodus and because Defendants have otherwise failed to produce any evidence or argument suggesting bad faith on the part of Plaintiffs, the Court finds that Defendants have not established bad faith.

Thus, because the doctrine of vicarious liability does not preclude Plaintiffs from suing both Rhodus and Lowe's, because Defendants have not otherwise established bad faith on the part of Plaintiffs, and because Defendants have cited no authority for their argument that Rhodus did not owe a duty to Plaintiffs, the Court cannot conclude that there is no colorable basis for a claim against Rhodus.  In light of this, Defendants have failed to satisfy their burden of showing that Rhodus was joined fraudulently, and, as such, remand is warranted.

## CONCLUSION

Accordingly, **IT IS ORDERED**:

(1) that Plaintiffs' motion to remand [Record No. 2] be, and the same hereby is, **GRANTED**; and

(2) that this cause of action be, and the same hereby is, **REMANDED** to Clark Circuit Court.

7

This the 7th day of July, 2005.



Signed By:

*Joseph M. Hood*

United States District Judge